IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| Plaintiff/Respondent, § | |
| § | |
| V. § | CR. No. 2:14-CR-855 |
| § | (CV. No. 2:16-CV-407) |
| VICENTE ROSALES-JAIMES, § | |
| Defendant/Movant. § | |

**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 AND ORDER DENYING CERTIFICATE OF APPEALABILITY**

Vicente Rosales-Jaimes (Rosales-Jaimes) filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 and a motion to revoke his supervised release. D.E. 21, 23.[1] The government responded and moved to dismiss. D.E. 24. The Court denies Rosales-Jaimes' motions for the reasons stated herein and also denies him a Certificate of Appealability.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## II. BACKGROUND

Rosales-Jaimes pleaded guilty to illegal reentry in 2011 in the Southern District of Indiana, Cause No. 1:11CR00064 and was sentenced to 30 months imprisonment and three years supervised release. D.E. 1. A warrant was issued for his arrest for violation of the terms of his supervised release in July 2014. *Id*. Jurisdiction over his supervised release was transferred to the Southern District of

---

[1] D.E. references are to the docket entries in the criminal case unless otherwise specified.

1

Texas, Corpus Christi Division in December 2014. D.E. 2.

During his revocation hearing, Rosales-Jaimes pleaded true to two violations of his supervised release. D.E. 6. He was sentenced to eight months imprisonment on revocation, three months to run consecutively and five months to run concurrently with his sentence for illegal reentry in Cause No. 2:14-CR-536. No further supervision was ordered. *Id*. Rosales-Jaimes appealed his sentence, but the Fifth Circuit Court of Appeals dismissed his appeal as frivolous. D.E. 18.

Rosales-Jaimes then filed a motion to modify his sentence and revoke imposition of supervised release. D.E. 19, 21. He filed a motion to vacate, set-aside or correct sentence in his companion illegal reentry case, Cause NO. 2:14-CR-536, in which he challenges his sentence in both cases.

### III.   MOVANT'S ALLEGATIONS

Jaimes-Rosales challenges his sentence based upon *Johnson v. United States*, 135 S.Ct. 2551 (2015). He also argues by separate motion that no supervision should have been imposed pursuant to U.S.S.G. § 5D1.1(c).

### IV.   ANALYSIS

A.   **28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct her sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*,

81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

B.    *Johnson* **Claim**

Rosales-Jaimes challenges his sentence enhancement relying on *Johnson v. United States*, 135 S.Ct. 2551 (2015), which held that the residual clause of the definition of violent felony was unconstitutionally vague in the Armed Career Criminal Act. Because Rosales-Jaimes' sentence on revocation involved no enhancements, *Johnson* does not apply.

C.    **Motion to Revoke Supervised Release**

Because no additional term of supervision was ordered in this case, Rosales-Jaimes' motion to revoke his supervision is denied as unnecessary.

## V.    CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Rosales-Jaimes has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Rosales-Jaimes is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## VI. CONCLUSION

For the foregoing reasons, Rosales-Jaimes' motion to revoke imposition of supervised release (D.E. 19) is DENIED. His motion pursuant to § 2255 (D.E. 23, Cause No. 2:16-CV-407, D.E. 1) is also DENIED. The government's motion to dismiss (D.E. 24) is GRANTED. Additionally, Rosales-Jaimes is DENIED a Certificate of Appealability.

It is so ORDERED.

**SIGNED** February 15, 2017.

_____
Marina Garcia Marmolejo
United States District Judge